ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| ServeFed, Inc. | ) | ASBCA No. 63290 |
| | ) | |
| Under Contract No. W81K00-19-P-0137 | ) | |

APPEARANCE FOR THE APPELLANT:        Edward J. Tolchin, Esq.
                                      Offit Kurman, PA
                                      Bethesda, MD

APPEARANCES FOR THE GOVERNMENT:    Scott N. Flesch, Esq.
                                        Army Chief Trial Attorney
                                    Christopher T. DelGiorno, Esq.
                                    CPT Paula F. Barr, JA
                                      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE SWEET

On November 10, 2022, the government filed a motion to dismiss this appeal for lack of jurisdiction on the grounds that appellant ServeFed, Inc. (ServeFed) purportedly seeks specific performance by asking the Board to revise its Contractor Performance Assessment Reporting System (CPARS) rating. The government also moved to dismiss for failure to state a claim. On December 8, 2022, ServeFed cross- moved for leave to amend the complaint to correct any jurisdictional defect. As discussed below, we grant ServeFed's motion for leave to amend the complaint, deny the government's motion to dismiss for lack of jurisdiction, and deny the government's motion to dismiss for failure to state a claim.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On March 19, 2022, the government awarded Contract No. W81K00-19-P-0137 (0137 Contract) to ServeFed to provide healthcare staffing services at Fort Hood, Texas (notice of appeal at 1; compl. ¶ 1).[1]

2. Under the Performance Work Statement (PWS), the acceptable turnover and fill[2] rates were less than 25% and 95% or more respectively (R4, tab 1 at 80).

---

[1] For purposes of this motion only, we accept the allegations in the complaint as true.
[2] According to the government, the fill rate is the total number of hours worked divided by the total number of hours ordered (gov't mot. 4-5).

3. On November 16, 2021, the government issued a CPARS rating. The CPARS Quality rating was Unsatisfactory[3] because the working staff turnover rate purportedly was 53% (compl. ¶¶ 2-3). The CPARS Schedule rating was Unsatisfactory because the fill rate purportedly was 47.18% (compl. at ¶ 3). As a result, the CPARS rating recommended against future awards (compl. ¶ 2).

4. On December 6, 2021, ServeFed submitted a claim requesting that the contracting officer (CO) "withdraw[] the assigned Quality and Schedule ratings of 'Unsatisfactory' in the CPARS and assign[] the correct rating of 'Satisfactory' or 'Very Good.' Furthermore, the CPARS should be amended to change the recommendation from a negative to a positive reference" (R4, tab 48 at 1, 11). In support of that request, the claim asserted that the turnover and fill rate deficiencies assessable to ServeFed were acceptable at 11.76% and less than 5% respectively (*id.* at 2, 4).[4]

5. On March 3, 2022, the CO issued a final decision (COFD). The COFD changed the CPARS Schedule rating from Unsatisfactory to Marginal, but declined to change the CPARS Schedule rating to Satisfactory. The COFD also declined to change the CPARS Quality rating from Unsatisfactory. (R4, tab 50 at 1, 4)

6. ServeFed appealed to the Board. In the complaint, ServeFed requested that the Board "direct the Contracting Officer to Amend the CPARS [Quality and Schedule ratings] to at least Satisfactory and to recommend ServeFed for similar requirements in the future" (compl., at 12). In support of that relief, the complaint reiterated that the turnover and fill rate deficiencies assessable to ServeFed were acceptable at 11.76 % and less than 5% respectively (compl. ¶¶ 5, 7).

7. ServeFed seeks to amend the complaint to replace the relief requested with a request that we:

> determine that the disputed performance ratings are unreasonable, arbitrary, capricious, and an abuse of discretion; determine that the Government breached its implied contractual duty of good faith and fair dealing;

---

[3] An Unsatisfactory CPARs rating is for performance that did not meet most contractual requirements. A Marginal CPARS rating is for performance that met some contract requirements. A Satisfactory CPARS rating is for performance that met contract requirements. 48 C.F.R. § 42.1503(b)(4), Table 42-1.

[4] As discussed above, the acceptable fill rate was greater than 95% (R4, tab 1 at 80), which means that the fill rate deficiencies attributable to ServeFed must be less than 5%.

remand this matter to the Contracting Officer for the
Contracting Officer to determine if the CPARS should be
amended to comply with the applicable regulations and to
provide appellant a fair and accurate performance
evaluation; and grant such other and further relief as the
Board deems just and proper.

(mot. for leave to amend compl. ex 1 at 12).  Otherwise, the proposed amended
complaint is substantively the same as the complaint (*id*. at 1-12).

DECISION

In response to ServeFed's motion, the government does not—and cannot—
dispute that granting ServeFed leave to amend the complaint is fair to both parties
(gov't reply at 1, 6).  Moreover, the government does not—and cannot—dispute that
we possess jurisdiction over the proposed amended complaint (gov't reply at 1, 6).
Rather, the government argues that the proposed amended complaint fails to state a
claim (gov't reply at 1).  However, ServeFed plausibly alleges a claim.  Therefore, for
the reasons discussed below, we grant ServeFed's motion for leave to amend the
complaint and deny the government's motions to dismiss for lack of jurisdiction and
for failure to state a claim.

### I.  Motion for Leave to Amend the Complaint

We grant ServeFed leave to amend the complaint because the government does
not—and cannot—dispute that such leave is fair to both parties (gov't reply at 1, 6).
The Board "may permit either party to amend its pleading upon conditions fair to both
parties."  Board Rule 6(d).  It is fair to both parties to grant leave to correct a
jurisdictional defect in a complaint, *Nassar Group, Int'l N.G.I. S.A.L. (Offshore) R.C.*,
ASBCA No. 58451, 22-1 BCA ¶ 38,206 at 185,545-46, so long as granting such leave
does not cause prejudice to the opposing party, *Patriot Maint., Inc.*, ASBCA
No. 47331, 97-1 BCA ¶ 28,890 at 144,054, or add a new claim.  *Env't Chem. Corp.*,
ASBCA No. 58871, 15-1 BCA ¶ 36,110 at 176,286.  A claim is not new if it arises
"from the same operative facts as those presented to the [CO], [seeks] essentially the
same relief, and merely assert[s] different legal theories for that recovery."  *Id.*
at 176,287.

Here, granting leave to amend the complaint is fair to both parties.  First, as
discussed below, the government does not—and cannot—dispute that the proposed
amended complaint corrects the purported jurisdictional defect in the complaint (gov't
reply at 1, 6).  Second, the government does not—and cannot—identify any prejudice
from allowing ServeFed to amend the complaint at this early stage of the appeal (*id.*).
Finally, the government does not—and cannot—show that the proposed amended

3

complaint adds a new claim (*id.*). The proposed amended complaint arises from the same operative facts as the claim—namely that the turnover and the fill rate deficiencies assessable to ServeFed purportedly were acceptable at 11.76% and less than 5% respectively (SOF ¶¶ 4, 6-7). Moreover, the proposed amended complaint seeks essentially the same relief as the claim—namely that the CO follow applicable regulations and provide ServeFed with a fair and accurate performance evaluation by amending the CPARS Quality and Schedule ratings to at least Satisfactory, and to recommend ServeFed for similar requirements in the future (SOF ¶¶ 4, 7).[5] Rather, at most, the proposed amended complaint merely asserts different legal theories for that recovery, such as a breach of the duty of good faith and fair dealing theory (SOF ¶¶ 4, 7). Thus, granting ServeFed leave to amend the complaint is fair to both parties.

## II. Motion to Dismiss For Lack of Jurisdiction

Further, the government does not—and cannot—dispute that we possess jurisdiction over the proposed amended complaint (gov't reply at 1, 6). "[W]e do not possess jurisdiction to order that an agency revise a CPARS rating . . . [h]owever, we may remand a matter to require that a CO follow applicable regulations, and provide an appellant with a fair and accurate performance evaluation." *PROTEC GmbH*, ASBCA No. 61161 *et al.*, 18-1 BCA ¶ 37,064 at 180,420 (internal citations omitted). Here, the proposed amended complaint seeks that we remand the case to the CO to determine if the CPARS ratings should be amended to comply with the applicable regulations, and to provide ServeFed a fair and accurate performance evaluation (SOF ¶ 7). Therefore, we possess jurisdiction over the proposed amended complaint.

## III. Motion to Dismiss for Failure to State a Claim

Contrary to the government's argument, ServeFed has stated a plausible claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter[s], accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). We must accept all factual pleadings as true, and draw all reasonable inferences in favor of the contractor. *Id.* However, we do not accept as true the legal conclusions in the complaint. *Id.* Thus, the ultimate inquiry is whether the complaint alleges sufficient facts to nudge a claim "across the line from conceivable to plausible." *Id.* at 680 (internal citations omitted).

---

[5] To be sure, the proposed amended complaint seeks an arguably less expansive remedy than the claim – namely, a remand with instructions to properly consider the CPARS rating rather than a directed rating. However, nothing in the Contract Disputes Act prevents a contractor from seeking more modest relief in an appeal than it sought in the claim to the CO.

4

Here, the government argues that ServeFed failed to state a claim because it admits that some of the turnover and fill rate deficiencies were attributable to ServeFed (gov't mot. at 8-9 (citing *Todd Constr., L.P. v. United States*, 656 F.3d 1306 (Fed. Cir. 2011))). In *Todd*, the Court held that the appellant failed to state a CPARS rating challenge claim because the complaint did not allege facts indicating that all of the delays were excusable. 656 F.3d at 1316-17. Unlike with the delay at issue in *Todd*, the 0137 Contract did not prohibit all turnover, or require a perfect fill rate; it only required a turnover rate of less than 25%, and a fill rate of 95% or more (SOF ¶ 2). Assuming—as we must—that the proposed amended complaint's allegations that the turnover and fill rate deficiencies assessable to ServeFed were 11.76% and less than 5% respectively, the proposed amended complaint—unlike the complaint in *Todd*—adequately alleges that ServeFed's performance met contractual requirements, and thus merited at least Satisfactory ratings. (SOF ¶¶ 3 n.3, 6-7).

The government also challenges ServeFed's allegation that only 11.76% and less than 5% of the turnover and fill rate deficiencies respectively were assessable to ServeFed (gov't mot. at 9; gov't reply at 3-5). However, for purposes of a motion to dismiss for failure to state a claim, we must accept those factual allegations as true. *Iqbal*, 556 U.S. at 678. Contrary to the government's argument, whether particular turnover and fill rate deficiencies were the fault of ServeFed or the government raises factual issues that are not amenable to resolution on a motion to dismiss (gov't reply at 3-5). Therefore, ServeFed has plausibly stated a claim.

## CONCLUSION

For the foregoing reasons, we grant ServeFed's motion for leave to file an amended complaint, and accept the proposed amended complaint attached as exhibit 1 to the motion for leave as the amended complaint. We deny the government's motions to dismiss for lack of jurisdiction, and for failure to state a claim.

Dated: February 2, 2023

*James R. Sweet*

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63290, Appeal of ServeFed, Inc., rendered in conformance with the Board's Charter.

Dated:  February 2, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6